## Girard Trust Corn Exchange Bank
### *v.*
## Fidelity-Philadelphia Trust Co.

*Laurence H. Eldredge*, for plaintiff.

*R. P. Brown*, for defendant.

WEINROTT, J., July 16, 1963.—Plaintiff, Girard Trust Corn Exchange Bank as guardian for the estate of Nellie Bird Voss, an incompetent, brought suit against the Fidelity-Philadelphia Trust Company, alleging that defendant bank improperly paid to the Pennsylvania Sales Engineering Company a check in the amount of $9,588.32, dated March 12, 1960, drawn to the order of Albert S. Fow and signed by him as drawer on the account of Nellie B. Voss held by defendant, Fidelity-Philadelphia Trust Company. The check was also signed by Nellie B. Voss. Drawer and payee of the check, Albert S. Fow, had since June 7, 1957, power of attorney to draw checks on behalf of Nellie Bird Voss. On November 23, 1961, the said Nellie Bird Voss was adjudicated an incompetent by the Orphans' Court of Philadelphia County.

Payee, Albert S. Fow, caused to be stamped on the back of the said check: "Pennsylvania Sales Engineering Company, 9 East Athens Avenue, Ardmore, Pennsylvania, Midway 9-1858." This check was deposited in the account of Pennsylvania Sales Engineering Company in the Ardmore, Pa., branch office of the First Pennsylvania Banking and Trust Company.

On or about March 14, 1960, the check was presented to defendant, Fidelity-Philadelphia Trust Company, which paid said check to the Pennsylvania Sales Engineering Company and charged the amount thereof, the sum of $9,588.32, to the account of Nellie B. Voss.

Plaintiff alleges that defendant owed a contractual duty to its depositor to pay the money in her account to her or to the payee named by her on the checks drawn on her account, or to the person who by reason of a valid endorsement from the named payee became entitled to such payment.

Defendant's answer alleges that Albert S. Fow caused his endorsement to be made on his behalf and for his purposes in the name of the Pennsylvania Sales Engineering Company. In new matter defendant avers that the endorsement appearing on the check was placed there by or at the direction of Albert S. Fow, the named payee of the check, and that the proceeds were paid to or for the benefit of the person, firm or corporation intended by the drawer of the check, namely, Albert S. Fow, to receive such proceeds. It is further answered that at no time did plaintiff or Nellie Bird Voss or anyone acting on her behalf forward the check to defendant for endorsement by and in the name of the named payee, Albert S. Fow. Defendant contends that the estate of plaintiff's incompetent suffered no loss or damages as a result of the payment by defendant of said check; that no notice was given to defendant of the alleged missing endorsement within a reasonable period of time after it was or reasonably

should have been discovered, since the adjudication of incompetency occurred more than 20 months after the transaction involving the check which is the subject of plaintiff's action.

Plaintiff's reply explains the delay and contends that Nellie Bird Voss did suffer a loss in having the sum withdrawn from her bank account by defendant.

Plaintiff filed a motion for judgment on the pleadings which was granted. Thereafter, on petition filed by defendant, reargument of plaintiff's motion was ordered.

The basic applicable principle of law is that a bank by accepting a deposit guarantees that it will not pay depositor's money except: (1) To the depositor; or (2) to the payee named by depositor on checks drawn on the bank; or (3) to the person who by reason of a valid endorsement of payee becomes entitled to such payment. This undertaking by the bank is contractual in nature, the relationship of depositor to bank being that of creditor and debtor, and the liability of the bank in the event of a breach in its guarantee is absolute. No amount of care to avoid error will protect it from liability if it pays to a wrong person; it must ascertain and act upon the genuiness of the endorsement at its peril: Coffin v. Fidelity-Philadelphia Trust Co., 374 Pa. 378, 391, citing cases.

Defendant contends, however, that the person designated as payee in the check actually did receive the benefit of its proceeds and the drawee bank should not be held liable to the drawer of the check since no loss has been suffered, even though the check was paid without the payee's endorsement.

In Gier v. Corn Exchange National Bank & Trust Co., 71 D. & C. 529, Judge Levinthal said that reason and logic impel the conclusion that if the person designated as payee in the check actually does receive the benefit of its proceeds, the drawee bank should not be

held liable to the drawer of the check who has suffered no loss, even though the check was paid without the payee's endorsement. It is, of course, true that the bank makes payment in such case at its peril, and if the payee should afterwards challenge the payment to the holder and should show that the money was not paid for his benefit, and therefore not to his order, the bank should be required to make good the loss sustained by reason of the breach of its contract. But the drawee bank should not be held liable for money paid out on a check merely because it was improperly endorsed, if the money actually reached the destination intended by the payee.

In this case, as in the Gier case, supra, the pleadings raise the question as to whether the person designated as payee in the check actually did receive the benefit of its proceeds, and whether plaintiff has suffered any loss by reason of the breach of contract.

Mere proof of the breach of a legal obligation will not warrant a recovery in more than nominal damages. To recover more there must be affirmative evidence that actual damages resulted from such breach. We believe the principles enunciated in the Gier case, supra, determinative of the pleadings in this matter.

The Uniform Commercial Code, 12A PS §4-103, provides:

". . . The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care, . . .": Act of October 2, 1959, P. L. 1023, sec. 4.

This section while dealing basically with the measure of damages for failure to exercise ordinary care should apply with equal force to a contract action. To afford a party a greater measure of damages in an assumpsit action than one founded on negligence would indeed be an anomaly in our law. The measure of dam-

ages recited in the code would be an applicable limit in the event of an absolute forgery and, certainly, no greater measure of damages should be accorded the plaintiff in the instant action than that allowed for a patent forgery.

In view of the foregoing, we enter the following:

### Order

And now, to wit, July 16, 1963, upon reargument of plaintiff's motion for judgment on the pleadings, the order of this court dated April 5, 1963, entering judgment on the pleadings in favor of plaintiff in the sum of $9,588.32, with interest thereon from March 14, 1960, is vacated, and plaintiff's motion for judgment on the pleadings is dismissed.